8550

GEER, POLICE COMMISSIONER, v. CITY EXECUTIVE COMMITTEE FOR THE CITY OF GREENVILLE.

STATUTES—OFFICES—CITIES AND TOWNS—POLICE COMMISSION.—In construing a statute classifying members of a board so as to produce rotation in office, all minor provisions must be construed to be subordinate and subservient to the leading design. The act providing a board of police commissioners is construed to mean the city council can fill a vacancy only until the next succeeding general election.

Application in the original jurisdiction by Jno. M. Geer, as police commissioner of the city of Greenville, for a writ of *certiorari* against Wilton H. Earle and others, composing the city executive committee for the city of Greenville on an agreed statement of facts.

*Messrs. McCollough, Martin & Blythe,* for plaintiff, cite: *The city council should elect for the unexpired term:* 9 Pac. 765; 11 So. 723; 72 N. C. 158; 65 Pac. 325; 60 Pac. 569; 45 Pac. 1060; 29 S. W. 1011; 13 Pac. 841; 55 Pac. 1017.

*Mr. Wilton H. Earle,* contra, cites: *Vacancy should only be filled to next election:* 2 Kan. 32; 45 Mo. 45; 26 Pac. 107; 55 Pac. 1017; 13 Pac. 841; 29 Cyc. 1396; 47 N. E. 1084; 45 Tex. 134; 40 S. E. 652.

May 19, 1913. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. This is an application to the Court, in the exercise of its original jurisdction, for a writ of *certiorari,* upon an agreed statement which contains the following facts:

1. "By an act of the legislature approved the 2d of March, 1899, it is provided, 'that on or after the first Tuesday in April, 1899, there shall be established a board of police commissioners in the city of Greenville, consisting of five upright and intelligent citzens.'

2. "By an amendment to said act approved February 20, 1907, the above mentioned act of 1899 was amended, by striking out sections 2 and 5 thereof, and inserting in lieu thereof, the following two provisions: 'At the next regular election, for the purpose of electing a mayor and alderman for the city of Greenville, there shall be elected by the qualified electors thereof, five members of the board of police commissioners, two of whom shall be elected for two years, or until their successors shall be elected and qualified; at each subsequent regular city election, successors to the members of said board of police commissioners, whose terms have expired shall be elected for a term of four years.

" 'All vacancies in said board caused by death, resignation, or otherwise, shall be filled by election by the city council of Greenville, until the succeeding regular election.'

3. "Under the aforesaid act of 1907, five members of the board of police commissioners were elected, at the regular election in September, 1907, two of them for two years and three of them for four years, in accordance with the statute. At the next election in September, 1909, two members of

said board, L. O. Cauble and W. L. Mauldin, were elected for a term of four years, in accordance with the statute, and their terms will expire during the present year, their successors having to be selected at the regular election September, 1913. At the election following the 1909 election, to wit, that election occurring in September, 1911, Frank Hammond, A. McBee and J. D. Gilreath were elected members of the said board for a term of four years, in accordance with the statute; sometime after his election, the said J. D. Gilreath resigned from the said board of police commissioners, and the said resignation was duly accepted and became effective, the vacancy being filled by the said city council of Greenville, by the election of T. O. Lawton; that during the year 1913, the said T. O. Lawton, after serving some months, moved out of the city of Greenville, South Carolina, and resigned from the said board of police commissioners, his resignation being accepted and becoming duly effective, and the vacancy was filled by the said city council, by the election by the city council of Jno. M. Geer, plaintiff herein.

4. "The defendants, Wilton H. Earle, W. C. Beacham, H. J. Haynesworth, J. I. Westervelt, G. R. Busbee, B. M. Shuman, J. W. Goddard, R. F. Watson, A. K. Park, J. I. West, M. B. Leach and J. A. McDaniel, are the members of, and constitute the city democratic executive committee, under the laws of the State of South Carolina, governing primary elections, and under the constitution and rules of the democratic party, are charged with the duties of providing and arranging for city elections in the said city declaring what officers shall be voted for, and of providing ballots and arranging details for the election of such officers, including members of said board of police commissioners. And under our political system in the State of South Carolina, nominations at the democratic primary election for such officers, are practically equivalent to election.

5. "That the defendants, as constituting the committee aforesaid, have ordered a democratic primary election to be

held for nominees of the democratic party, for the general election for the city of Greenville, which will be held in September, 1913, of three members of the said board of police commissioners instead of two, two to succeed Messrs. Cauble and Mauldin, whose terms properly expire during the present year, and one to succeed plaintiff, who alleges that his term does not properly expire until the year 1915, and that the decision and determination of the said committee, are in derogation of his right to the peaceful possession of his office, as a member of the said board of police commissioners, and contrary to the provisions of the law made and provided in such case. The members of the committee, admitting their doubt as to the proper construction of the law covering this point, have deemed it better to order this election of a successor to the said Jno. M. Geer, and have agreed that the matter be submitted without controversy to this Court, to determine whether the said Jno. M. Geer is correct in his contention; and the said Geer herein claims the right to review the action of said committee by way of *certiorari,* and prays that said committee be enjoined from ordering, arranging and providing for the election of his successor until the regular election for the year 1915."

The only question in the case is, whether the successor of Gilreath, is to be elected at the next general election for city officers (which is to be held in September, 1913), or at the subsequent election, when his successor would have been elected, if he had remained in office until that time. In other words, whether "succeeding regular election," has reference to the next regular election for the particular office in question.

The contention of the defendants' attorney, is thus stated in his argument:

"The scheme of the General Assembly with reference to police commissioner, undoubtedly is that three should be elected by the people at one time for four years, and two years

later, two should be elected by the people for four years, and this probably because the desire of the lawmakers is, that this office should be as continuous as possible.  The contention of defendants recognizes this scheme, the view being that upon the resignation of Gilreath, Lawton was elected only until the next general city election, and he having resigned before this time, plaintiff was elected by the council only until the next general city election, and that in September, 1913, successors to the two commissioners who were elected in 1909 will be elected for a term of four years, and that the successor to plaintiff will have to be elected in September, 1913, for a term of two years.  In other words, the successor to plaintiff to be elected by the people this year, will be for the unexpired term of Gilreath, who was elected in 1911 for a term of four years.  The matter of electing in 1913, two commissioners for four years and one for two years, will merely be following the method adopted in 1907 under the amendatory act of 1907, when three were elected for four years and two for two years."

The scheme of the statute was, that the members of the board should be so classified, as to produce rotation in office; and that the members should be elected by the people, as far as possible—hence the provision, that all vacancies caused by death, resignation, or otherwise, should be filled by the city council, *not for the unexpired term, but until the succeeding general election.*

In order that this scheme should be carried into effect, all minor provisions must be construed to be subordinate and subservient to the leading design.  In the language of Mr. Justice Hudson, in the case of *Simpson* v. *Willard*, 14 S. C. 191: "The supplying of vacancies in unexpired terms, is incidental to an existing term of office, and hence must be so conducted and carried out, as not to derange, but to preserve this fundamental and leading design of succession and regular rotation."

By this construction alone, can full force and effect be given to the scheme contemplated by the statute.

It is the judgment of this Court, that the plaintiff is not entitled to the relief for which he prays, and that the petition be dismissed.